UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MINEAU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES SABA, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>11-40228-FDS |

MEMORANDUM AND ORDER ON
<u>RESPONDENT'S MOTION TO DISMISS</u>

**SAYLOR, J.**

Petitioner Robert Mineau was convicted of two counts of forcible rape of a child, two counts of indecent assault and battery, and three counts of assault and battery in Massachusetts Superior Court in 2007. The Massachusetts Appeals Court affirmed his conviction and his application for further appellate review was denied by the Supreme Judicial Court ("SJC"). Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Respondent James Saba now moves to dismiss the petition for failure to exhaust state court remedies.

For the reasons set forth below, the petition for a writ of habeas corpus will be dismissed unless, within 30 days of the date of this Order, petitioner shows good cause as to why the claims have not been exhausted, or files a request to dismiss the unexhausted claim in his petition and proceed on the merits of the exhausted claims.

I.     **<u>Background</u>**

On July 10, 2006, a grand jury indicted Robert Mineau for three counts of forcible rape of a child, five counts of indecent assault and battery, three counts of assault and battery with a dangerous weapon, two counts of assault and battery, and one count of reckless endangerment of a child.  On October 20, 2007, a jury returned a verdict of guilty on two counts of forcible rape of a child, two counts of indecent assault and battery, and three counts of assault and battery, two of them as a lesser included offense of assault and battery with a dangerous weapon.

On May 28, 2008, Mineau filed a notice of appeal with the Massachusetts Appeals Court.  On October 23, 2008, the appeal was stayed to allow him to file a motion for a new trial with the trial court.  On November 24, 2008, Mineau filed a motion for a new trial on the grounds that trial counsel was ineffective for failing to identify the "first complaint" witness and for eliciting and failing to object to evidence of prior bad acts.  The trial court denied the motion for a new trial on April 24, 2009.  Mineau appealed that decision on May 18, 2009.  On June 1, 2009, the direct appeal and the appeal from the denial of a new trial were consolidated.

On appeal with the Appeals Court, Mineau raised six issues:  (1) the trial judge should have directed findings of not guilty on two counts of indecent assault and battery because the Commonwealth failed to prove the incidents occurred within the court's jurisdiction; (2) the convictions for indecent assault and battery were duplicative because they were based on the same conduct as the convictions for forcible rape of a child; (3) evidence of prior bad acts was improperly introduced over defendant's objection; (4) the trial judge should have granted a new

trial because the Commonwealth incorrectly designated the "first complaint" witness[1] and trial counsel was ineffective for failing to object; (5) trial counsel rendered ineffective assistance by raising a prejudicial issue after it had been excluded from the Commonwealth's case; and (6) the trial court relied on improper factors during sentencing. On September 24, 2010, the Appeals Court vacated the convictions for indecent assault and battery as duplicative, and affirmed the judgment in all other respects. *See Commonwealth v. Mineau*, 77 Mass. App. Ct. 1123 (2010) (unpublished table decision). On October 18, 2010, Mineau filed a petition for rehearing, which the Appeals Court denied on October 21, 2010.

On October 13, 2010, Mineau filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC. The application raised the five grounds that the Appeals Court had rejected, but framed as errors by the Appeals Court. On December 2, 2010, the SJC denied the application. *See Commonwealth v. Mineau*, 458 Mass. 1109 (2010).

On December 5, 2011, Mineau filed the present petition for a writ of habeas corpus. He raises five grounds in his petition: (1) the admission of evidence of prior bad acts violated his right to due process; (2) the Commonwealth's failure to correctly designate the "first complaint" witness and trial counsel's failure to object violated his rights to confront witnesses and to

---

[1] The issue involves the Massachusetts "first complaint" doctrine. Under that doctrine, the testimony of "complaint witnesses" is limited

> to that of one witness who, where feasible, will be the first person told of the sexual assault. Such witness may testify to the details of the alleged victim's first complaint of sexual assault and the circumstances surrounding that first complaint as part of the prosecution's case-in-chief. Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time. What the complainant may not do, however, is testify to the fact that she "told" others, apart from the first complaint witness, about the sexual assault, even where the details of the conversation have been omitted.

*Commonwealth v. Aviles*, 461 Mass. 60, 67-68 (2011) (citations and quotation marks omitted).

effective assistance of counsel; (3) his right to due process was violated because the Commonwealth's evidence was insufficient to prove two counts of indecent assault and battery; (4) trial counsel raised highly prejudicial factual issues at trial that should have been excluded, which violated his right to effective assistance of counsel; and (5) his due process rights were violated when the trial court relied on unreliable, extra-jurisdictional, and uncharged conduct during sentencing.

## II.     Analysis

### A.     Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State."); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Exhaustion requires that a petitioner present "both the factual and legal underpinnings of his claim to the state courts." *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989). A claim has been exhausted when it has been "fairly presented" to the state courts, such that "a 'reasonable jurist' would have 'recognized the existence of the federal question.'" *Id.* (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)). "Methods of fair presentation include: (1) citing a

provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; (4) claiming violation of a right specifically protected in the federal constitution; or (5) in some situations, citations to state court decisions which rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law." *Crouse v. Dickhaut*, 2011 WL 3584813, at *2 (D. Mass. Aug. 15, 2011) (citing *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007)) (holding that a solitary reference to a "constitutional right to due process" is inadequate to alert a reasonable jurist of a constitutional claim); *see also Dyer v. Ponte*, 749 F.2d 84, 86-87 (1st Cir. 1984) (expressing doubts over whether cursory references to the Fourteenth Amendment and due process were sufficient to raise a constitutional issue before the SJC where petitioner cited no federal cases and made virtually no federal argument).

      Respondent contends that petitioner's first claim was not properly raised and exhausted with the state courts because the state court filings raised only state evidentiary issues and did not make any claim that the admission of evidence of prior bad acts violated his federal due process rights. Neither petitioner's brief with the Appeals Court nor his ALOFAR make any mention of due process or cite any constitutional provision. (Pet. App. Ct. Br. at 23-29; Pet. ALOFAR at 16-18). Petitioner's ALOFAR contains a single citation to a federal case, *United States v. Varoudakis*, 233 F.3d 113, 121-23 (1st Cir. 2000). However, that case is cited for the proposition that it is an abuse of discretion to admit evidence of prior bad acts where the risk of prejudice outweighs the probative value. (Pet. ALOFAR at 17). The state cases cited in petitioner's Appeals Court brief and ALOFAR include just one case, *Commonwealth v. Kater*, 432 Mass. 404, 414 (2000), where the defendant contended that the admission of evidence of

prior bad acts violated his Fifth and Fourteenth Amendment rights. However, petitioner cites that case for the proposition that evidence of prior bad acts cannot be used to prove bad character or propensity. (Pet. App. Ct. Br. at 23). Petitioner did not properly raise this claim in state court and the claim has therefore not been exhausted. *Cf. Fortini v. Murphy*, 257 F.3d 39, 44-45 (1st Cir. 2001) (finding that a petitioner had exhausted state court remedies even though the Appeals Court addressed only Massachusetts evidence law because the section title of the brief referred to due process, the brief contained citations to relevant Supreme Court precedent, and an addendum included the text of the Fourteenth Amendment).

B.  **Requirements for a Stay**

Respondent has moved to dismiss for failure to exhaust state court remedies. Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 265-66 (2005); *see also Lundy*, 455 U.S. at 515, 520; *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004). However, a court may exercise this third option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines*, 544 U.S. at 278. Specifically, a court only do so if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

Filings by *pro se* prisoners should be liberally construed and are generally held to less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106

(1976); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003).  Accordingly, the requirement to show good cause may be applied more loosely with *pro se* petitioners.  *Josselyn*, 475 F.3d at 5 n.3 (noting concerns about unwary *pro se* petitioners being trapped by the good cause requirement but finding that such concerns were not implicated where petitioner had been represented by counsel during the state-court proceedings) (*citing Rhines*, 544 U.S. at 279 (Stevens, J. concurring)).

Petitioner has not made any showing of good cause or requested a stay of his petition, and no good cause is apparent from the facts of the case.  However, given that petitioner is proceeding *pro se*, he will be given an opportunity to make a showing of good cause.

### III.    Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed unless, within 30 days of the date of this Order, petitioner shows good cause why the claims have not been exhausted, or files a request to dismiss the unexhausted claim in his petition and proceed on the merits of the exhausted claim.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: June 28, 2012